


**U.S. Department of Justice**

GOVERNMENT
EXHIBIT
1

*United States Attorney*
*District of Maryland*
*Northern Division*

*Rod J. Rosenstein*
*United States Attorney*

*Bonnie S. Greenberg*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4890*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*
*TTY/TDD: 410-962-4462*
*Bonnie.Greenberg@usdoj.gov*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2010 APR -5 A 9:29
CLERK'S OFFICE
AT BALTIMORE
BY________DEPUTY

August 18, 2009

Anthony DePastina
P.O. Box 4892
Baltimore, Maryland 21211

**Re:** **United States v. Ronald Riggs**
**Criminal No.** CCB-10-049

Dear Mr. DePastina:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by close of business September 10, 2009, it will be deemed withdrawn. The terms of the agreement are as follows:

Offense of Conviction

1. The Defendant agrees to waive indictment and plead guilty pursuant to an Information charging him with distribution of material depicting minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(1). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

First, that on or about the date charged in the Information, the Defendant knowingly distributed a visual depiction of sexually explicit conduct;

Second, that the Defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and knew that the visual depiction was of such conduct; and

Third, that the visual depiction was transported in interstate or foreign commerce.

Penalties

3. (a) The maximum sentence provided by statute for the offense to which your client is pleading guilty is as follows: imprisonment for not less than five (5) years and not more than twenty (20) years, followed by a term of supervised release of not more than life and a fine of $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

(b) The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him. By

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

   c. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   d. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

   e. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

   f. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

   g. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

   h. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

   i. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

(a) The base offense level is twenty-two (22) pursuant to U.S.S.G. § 2G2.2(a)(2).

(b) Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).

(c) Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), there is a two (2) level increase because the offense involved distribution.

(d) Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the distribution involved the use of a computer.

(e) Pursuant to U.S.S.G. § 2G2.2(7)(D), there is a five (5) level because the offense involved more than 600 images.

This Office does not oppose a two-level reduction in the defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose *any* adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Thus, the final anticipated base offense level is **30.**

7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8. This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

Obligations of the United States Attorney's Office

9. At the time of sentencing, the United States Attorney's Office will recommend a reasonable sentence based on 18 U.S.C. § 3553.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

Waiver of Appeal

11. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any fine, term of supervised release, or order of restitution and any issues that relate to the establishment of the advisory guidelines range, as follows: the Defendant waives any right to appeal from within or below the advisory guidelines range resulting from adjusted base offense level of 30, and this Office waives any right to appeal from any sentence within or above the advisory guidelines range resulting from adjusted base offense level of 30. Nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35 (a), and appealing from any decision thereunder, should a sentence be imposed that is illegal or that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Forfeiture

12. Your client agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on February 3, 2009. He further agrees to take whatever steps are necessary to pass clear title to the property to the United States or any State authority.

Obstruction or Other Violations of Law

13. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

Court Not a Party

14. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

Agreement Does Not Cover Production of Child Pornography
Or Sexual Activity with a Minor

15. The parties agree and understand that this plea agreement is being entered into prior to a full and complete forensic examination of the Defendant's computer(s) and other electronic media. Should such examination result in evidence that the Defendant was involved in the

production of child pornography or any sexual activity with a child, this Agreement would not prevent the United States in any way from prosecuting said offenses.

Entire Agreement

16. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: Bonnie S. Greenberg /[illegible]/
Bonnie S. Greenberg
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_______________ Date

Ronald Riggs [signature]
Ronald Riggs

I am Mr. Riggs' attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_______________ Date

[signature]
Anthony DePastina, Esquire

**EXHIBIT A**
**STIPULATED FACTS**

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Ronald Riggs, age 64, is a resident of Bel Air, Maryland.

On December 10, 2008, a law enforcement officer located in Springfield, Illinois, acting in an undercover capacity, accessed the internet and connected to the Gnutella network via Limewire, a file sharing program. The agent conducted a search for files on the Gnutella network using various search terms generally associated with child pornography. The search results indicated that IP address 68.55.182.55 was sharing files associated with the search terms.

Thereafter, the agent used the "Browse Host" command which enabled him to review the list of files IP address 68.55.182.55 had available to download, totaling 221 files. These files had titles suggesting they contained child pornography. Thereafter, the agent downloaded eleven files, all of which contained child pornography, as follows:

These video files are labeled and described as follows:

A. pthc little-girls - pre-teen open pussy series - !!Pthc Lsm Magazine 9Yo Kidzilla Pre-Teen Young Little Girls Harry Potter Jenny - Mafiasex Ru Children Kids Hard 000128 Mvc-475.jpg – nude image of a pre-pubescent female, approximately 8 to 12 years of age, using her fingers to manipulate her vagina.

B. Carl David Hyman Jr - child pussy 5- Witch nudist naked penis preteen vagina little girls ass 6yr panties gay hussyfan 7yo lolitaguy 8yr pussy pedo 9yo kiddie porn r@yg.jpg – nude image of a pre-pubescent female, approximately 8 to 10 years of age, with legs open, exposing her vagina.

C. CARL DAVID HYMAN JR - KIDDIE SEX 2006 - Witch nudist naked penis preteen vagina little girls ass 6yr panties gay hussyfan 7yo lolitaguy 8yr pussy pedo child porn r@ygo.jpg - nude image of a two pre-pubescent females, approximately 8 to 12 years of age, hugging each other.

D. Carl David Hyman Jr - CHILD SEX 99 - Witch nudist naked penis preteen vagina little girls ass 6yr panties gay hussyfan 7yo lolitaguy 8yr pussy pedo kiddie porn r@ygold.jpg - nude image of a pre-pubescent female, approximately 6 to 8 years of age, with legs open, exposing her vagina.

E. Carl David Hyman Jr - CHILD SEX 95 - Witch nudist naked penis preteen vagina little girls ass 6yr panties gay hussyfan 7yo lolitaguy 8yr pussy pedo kiddie porn r.jpg - nude image of a pre-pubescent female, approximately 10 to 12 years of age, with legs open, exposing her vagina.

F. Carl David Hyman Jr - CHILD SEX 98 - Witch nudist naked penis preteen vagina little girls ass 6yr panties gay hussyfan 7yo lolitaguy 8yr pussy pedo kiddie porn r@ygold -.jpg - nude image of a pre-pubescent female, approximately 10 to 12 years of age, with legs open, exposing her vagina.

G. CARL DAVID HYMAN JR - KIDDIE SEX 2008 - Witch nudist naked penis preteen vagina little girls ass 6yr panties gay hussyfan 7yo lolitaguy 8yr pussy pedo child porn r@ygol.jpg - nude image of a pre-pubescent female, approximately 8 to 10 years of age, with legs open, exposing her vagina.

H. NEWER new pedo ptsc preteen 9yo Tori lsm bd-company lso ls island kdquality h.jpg - nude image of a pre-pubescent female, approximately 10 to 12 years of age, with legs open, exposing her vagina.

I. CARL DAVID HYMAN JR - KIDDIE SEX 2007 - Witch nudist naked penis preteen vagina little girls ass 6yr panties gay hussyfan 7yo lolitaguy 8yr pussy pedo child porn r@ygol.jpg - nude image of a pre-pubescent female, approximately 12 to 14 years of age, standing with hand on hip, looking to the right.

J. Carl David Hyman Jr - child pussy 8- Witch nudist naked penis preteen vagina little girls ass 6yr panties gay hussyfan 7yo lolitaguy 8yr pussy pedo 9yo kiddie porn r@yg.jpg - nude image of a two pre-pubescent females, approximately 8 to 12 years of age, hugging each other in a bathtub.

K. Carl David Hyman Jr - CHILD SEX 95 - Witch nudist naked penis preteen vagina little girls ass 6yr panties gay hussyfan 7yo lolitaguy 8yr pussy pedo kiddie porn r@ygold -.jpg - nude image of a pre-pubescent female, approximately 10 to 12 years of age, with legs open, exposing her vagina.

The IP address 68.55.182.55 at the time of the download was assigned to Ronald Riggs in Bel Air, Maryland. On February 4, 2009, a federal search warrant was executed at Riggs' residence in Bel Air, Maryland. Computers and other electronic media were seized. On April 6, 2009, an FBI agent executed an image scan on the personal computer seized from Ronald Riggs' residence and located 88 images of child pornography 12 video files of child pornography. Approximately 1,000 images were not able to be viewed due to a non-responsive viewing error on the image scan program.

Ronald Riggs agreed to speak with the investigating agents when they were at his house executing the search warrant. He admitted that he used search terms to locate child pornography, and that there were images of child pornography on his computer.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

_____________ _____________________________

Date Ronald Riggs